**BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF REVENUE, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1974.

Rucker Todd, Timothy W. Martin, Brown, Todd & Heyburn, Louisville, for appellants.

William S. Riley, Asst. Atty. Gen., John Anton Nefzger, Atty., Legal Staff Dept. of Revenue, Frankfort, Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

PALMORE, Justice.

The question here is whether, in determining the fair cash value of property under KRS 157.380(1) for purposes of the Minimum Foundation Program, the Department of Revenue must use the figure it has certified under KRS 133.180 for tax purposes. If so, of course, there really is nothing for it to "determine" under KRS 157.380(1), because it has already determined it under KRS 133.180. The trial court held the Department not so bound, and we concur.

The KRS 133.180 assessment figures for January 1, 1972, were the basis for school tax levies financing the fiscal year beginning on July 1, 1972. The KRS 157.380 determinations required to be made in 1972 (that is, on or before January 1, 1973) provided the basis for allocating minimum foundation funds for the fiscal year begin-

ning on July 1, 1973. For obvious reasons these determinations could not coincide with 1973 assessment figures, which were not available until later in 1973, and just as obviously they could not reflect current values if taken from January 1, 1972, values.

The objective of KRS 157.380 is directed only to the apportionment of minimum foundation funds, the aggregate amount of which does not depend upon and is not affected by the outcome of this particular controversy because KRS 157.380(2) ultimately ties it back to the aggregate required local tax effort determined for use during the 1967–68 fiscal year, with adjustments reflecting subsequent assessment growth.

Authorization of a KRS 157.380(1) figure different from or even unrelated to the tax assessment figure originating with the local assessors and then finally accepted and certified by the Department does not signify a relaxation or retreat from the applicability and enforcement of Const. § 172, cf. Russman v. Luckett, Ky., 391 S. W.2d 694 (1965). From a practical standpoint, however, in closing the books on the annual KRS 133.180 figures the Department labors under exigencies from which it is free in making its KRS 157.380 determination. As the facts of life remind us that in 20 centuries man has not been able to live up to the last great Commandment delivered on the eve of the crucifixion, we should be naive indeed not to recognize that he has not yet been able to live up to Const. § 172 either. To the extent that we have failed in the latter respect, the distribution of minimum foundation monies according to local "need" as reflected by actual tax assessments would, as the Department points out, reward the guilty and punish the innocent, accomplishing exactly what the concept of "required local tax effort" was designed to prevent.

The judgment is affirmed.

All concur.